IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DONALD ALDRIDGE, et al.,

    Plaintiffs,

v.                                              No. 05-2966 B

CITY OF MEMPHIS and
LARRY GODWIN, in his individual
capacity,

    Defendants.

_____

ORDER DENYING PLAINTIFFS' SECOND
MOTION FOR PARTIAL SUMMARY JUDGMENT
_____

INTRODUCTION AND PROCEDURAL BACKGROUND

This action was brought on December 27, 2005 by the Plaintiffs, Donald Aldridge; Julie Barrow; Claudette Boyd; Walter Carver; Kenneth Connatser; Charles Freeman; James Holland; James Holmes; Ricky Hutcheson; Larry Jackson; James Jones, Jr.; Ernest Lancaster; Richard Millen; Bertha Nelson; David O'Bryan; George Olive; Cham Payne; Alan Pendleton; William Phillips; William Porter; David Robertson; Robert Stone; Roy Thomas; Lennel Torrance; Mike Wagner and Tommy Woods, who were, according to the complaint, employed as captains with the Memphis, Tennessee Police Department ("MPD") until March 23, 2005. Named as Defendants herein are the City of Memphis (the "City") and Larry Godwin, MPD Director of Police Services, in his individual capacity. The Plaintiffs have alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA"); 42 U.S.C. §§ 1981, 1983 and 2000e, et seq.; Article I, § 8 of the Tennessee Constitution and Tennessee Code Annotated § 4-21-401. The Plaintiffs have also alleged various state-law claims. Before the Court is the June 15, 2007 second motion of the

Plaintiffs for partial summary judgment as to whether they have established a prima facie case of disparate impact under the ADEA, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## SUMMARY JUDGMENT STANDARD

Rule 56 states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Summary judgment is warranted against a party who fails to make a sufficient showing to demonstrate the existence of an element essential to its case and on which it will bear the burden at trial. Celotex, 477 U.S. at 322-23, 106 S. Ct. at 2552.

## FACTS

The following facts are undisputed unless otherwise noted. Each of the Plaintiffs were promoted to the rank of captain in the MPD pursuant to § 67 of the City of Memphis Charter, enacted by the Tennessee General Assembly effective April 26, 1927. The statute provided that

> [a]ny fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the Fire Department or captain of the Police Department, with all the salary, emoluments and other privileges of said rank; and that, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

City of Memphis Charter § 67.

From the time the Plaintiffs were hired until February 18, 2005, the date on which the City announced the abolishment of the rank of captain, police officers who completed 30 years of service were promoted to the rank of captain and were paid a captain's salary. There is no dispute that the Plaintiffs were performing in a satisfactory manner as of February 18, 2005. In light of the announcement, effective March 23, 2005 the Plaintiffs were given the option of reverting to their position and rank prior to ascending to captain or retiring. As of the date the rank of captain was abolished, all of the captains were over the age of 51. It is undisputed that Godwin understood that each person affected would necessarily be over the age of 45.

## ELEMENTS OF ADEA CLAIM

In the instant motion, the Plaintiffs seek partial summary judgment as to the prima facie case under the ADEA. The statute provides in pertinent part that it is "unlawful for an employer . . . [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). According to the Plaintiffs, their ADEA claim is based on a disparate impact theory. "Disparate impact analysis is used when an employer's facially neutral policy adversely affects a protected class." Bacon v. Honda of Am. Mfg., Inc., 370 F.3d 565, 576 (6th Cir. 2004), cert. denied, 543 U.S. 1151, 125 S. Ct. 1334, 161 L. Ed. 2d 115 (2005) (citing Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S. Ct. 849, 28 L. Ed. 2d 158 (1971)). "A prima facie case [under a disparate impact theory] is established when: (1) plaintiff identifies a specific employment practice to be challenged; and (2) through relevant statistical analysis proves that the challenged practice has an adverse impact on a protected group." Isabel v. City of Memphis, 404 F.3d 404, 411 (6th Cir. 2005), reh'g & reh'g en banc denied (Jul. 29,

2005); see also Butts v. McCullough, 237 F.App'x 1, 7 (6th Cir. 2007) (applying statement of prima facie case set forth in Isabel to disparate impact claim under ADEA). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities." Allen v. Sears Roebuck & Co., No. 07-11706, 2007 WL 2406921, at *4 (E.D. Mich. Aug. 20, 2007) (quoting Smith v. City of Jackson, 544 U.S. 228, 125 S. Ct. 1536, 1545, 161 L. Ed. 2d 410 (2005)) (internal quotation marks omitted) (emphasis in original). "[F]ailure to identify the specific practice being challenged is the sort of omission that could result in employers being potentially liable for the myriad of innocent causes that may lead to statistical imbalances." Smith, 544 U.S. at 241, 125 S. Ct. at 1545 (citation and internal quotation marks omitted).

Upon a showing of the prima facie case, "the burden of production shifts to the employer to assert that its neutral policy is based on a reasonable factor other than age ["RFOA"]. . . . [A]n employee must ultimately persuade the factfinder that the employer's asserted basis for the neutral policy is unreasonable." Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1200 (10th Cir. 2006) (emphasis omitted); see also Adams v. Lucent Tech., Inc., No. 2:03CV300, 2007 WL 14593, at *6 (S.D. Ohio Jan. 3, 2007).

The City responds to the motion by arguing, among other things, that summary judgment on a disparate impact claim under the ADEA is unwarranted because the Plaintiffs failed to allege such a claim in their complaint. Fed. R. Civ. P. 8 provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). "Under the liberal notice pleading rules, a complaint need only put a

4

party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). "A court must construe the complaint in the light most favorable to the plaintiffs and accept as true all well-pleaded factual allegations" Id. An ADEA complaint must, however, "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (citation omitted); see also White v. Am. Axle & Mfg., Inc., No. 05-CV-72741-DT, 2006 WL 335710, at *3 (E.D. Mich. Feb. 14, 2006).

A disparate impact claim under the ADEA is distinguishable from a claim for disparate treatment under the statute. In the former, "the plaintiff need not prove discriminatory intent but must demonstrate the existence of an employment practice which, although neutral on its face, has the effect of disproportionately affecting persons in a legally protected group." Reminder v. Roadway Exp., Inc., 215 F.App'x 481, 485 (6th Cir. 2007) (citations and internal quotation marks omitted).

In their reply, the Plaintiffs insist they have in fact stated a claim for disparate impact pursuant to the ADEA, pointing to ¶ 69 of their complaint, which falls under Count Two thereof entitled "Age, Race and Gender Discrimination" and which states as follows:

> Plaintiffs allege defendant City of Memphis' acts, actions and omissions as set forth above constitute unlawful discrimination based on age in violation of 29 U.S.C. § 621, *et seq.* Plaintiffs allege the following:
>
> (a) all plaintiffs are over the age of 40;
>
> (b) all plaintiffs have been demoted/terminated from their positions as captains;
>
> (c) all plaintiffs were qualified to continue working as captains or at the

>>equivalent rank; and

>(d) all plaintiffs were treated worse than younger persons and/or defendant has replaced plaintiffs, either on a temporary basis or will in the future on a permanent basis with individuals younger than plaintiffs.

(Compl. at ¶ 69) The succeeding paragraph alleges that "defendant's acts, actions, and omissions as stated above constitute *intentional discrimination* based on age in violation of 29 U.S.C. § 621 *et seq.* . . . By abolishing only the rank of captain, defendant knew that only individuals above the age of 40 would be affected [sic]." (Compl. at ¶ 70) (emphasis added)

In order to establish a prima facie case of discrimination on the grounds of disparate treatment under Title VII where direct evidence is not available, a plaintiff must show that "(1) [he] is a member of a protected class, (2) [he] was subjected to an adverse employment action, (3) [he] was qualified, and (4) [he] was treated differently than similarly-situated [younger] employees for the same or similar conduct." McClain v. Nw. Cmty. Corr. Ctr. Judicial Corr. Bd., 440 F.3d 320, 332 (6th Cir. 2006). If the plaintiff "sustains [his] burden of establishing a prima facie case, the burden then shifts to [the employer] to articulate a legitimate, nondiscriminatory reason for [its actions]. If [the employer] successfully carries its burden, the burden returns to [the plaintiff] to produce evidence from which a jury could find that [the employer's] stated reason is merely pretextual." Id. Clearly, the Plaintiffs' ADEA allegations track the elements of a disparate treatment claim. They have not, on the other hand, alleged that the City's act of abolishing the captain rank was a neutral practice that resulted in a disparate impact on older employees. Accordingly, it appears to the Court that the Plaintiffs have not plead a disparate impact claim under the ADEA.[1]

---

[1] In the complaint, the Plaintiffs allege that "defendant was motivated in whole, or in part, to abolish the rank of captain as a way to continue its systemic discrimination against African

See Reminder, 215 F.App'x at 485 (plaintiffs who stated in their complaint that they were terminated on the basis of age and failed to "allege that the defendant's reduction in force was a neutral practice there merely resulted in a disproportional number of older employees being terminated" stated only a claim of disparate treatment); EEOC v. Honda of Am. Mfg., Inc., No. 2:06-cv-00233, 2007 WL 1541364, at *4-5 (S.D. Ohio May 23, 2007) (plaintiffs' failure to specifically identify any facially neutral test, requirement or practice that had an adverse impact on older workers militated dismissal of disparate impact claim under Fed. R. Civ. P. 12(b)(6)); Prince v. Rice, 453 F. Supp. 2d 14, 27 (D.D.C. 2006) (dismissal appropriate where plaintiff's failure in complaint to describe a facially-neutral employment practice that impacted her in a disparate manner based on her age or the existence of statistical or empirical data to support causation); Lett v. Reliable Ruskin, No. 1:05CV479-A(WO), 2005 WL 2128041, at *3 (M.D. Ala. Aug. 29, 2005) (disparate impact claim must be dismissed where plaintiff's EEOC charge alleged only intentional discrimination and did not mention "disparate impact" or refer to any facially neutral policy).

## CONCLUSION

Based on the foregoing, the Court concludes that the Plaintiffs have failed to allege a disparate impact claim under the ADEA. Therefore, their second motion for partial summary judgment as to that claim must be DENIED. While the Court would normally permit a plaintiff the

---

Americans and females, who became eligible in 2002 and thereafter to be promoted to captain for the first time as a group in larger numbers. Defendants' abolishment of the captain rank was intended to deny the African American and female plaintiffs the right, title and privileges of captain heretofore enjoyed in the past by white male police employees. . . . Defendants' abolishment of the captain rank had an adverse impact on African American and female plaintiffs." (Compl. at ¶¶ 75, 75.1)  Thus, the Plaintiffs may have sufficiently alleged a disparate impact claim under Title VII on the bases of race and gender. However, as the efficacy of those claims is not before the Court on the instant motion, no analysis will be made as to those allegations.

7

opportunity to cure the pleading defect by amending the complaint, the time for such amendment has expired in this case.

 IT IS SO ORDERED this 10th day of December, 2007.

          s/ J. DANIEL BREEN
          UNITED STATES DISTRICT JUDGE