IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DONALD ALDRIDGE, et al.,

      Plaintiffs,

v.                                 No. 05-2966 B

CITY OF MEMPHIS and
LARRY GODWIN, in his individual
capacity,

      Defendants.

_____

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

_____

INTRODUCTION AND PROCEDURAL BACKGROUND

This action was brought on December 27, 2005 by the Plaintiffs, Donald Aldridge; Julie

Barrow; Claudette Boyd; Walter Carver; Kenneth Connatser; Charles Freeman; James Holland;

James Holmes; Ricky Hutcheson; Larry Jackson; James Jones, Jr.; Ernest Lancaster; Richard Millen;

Bertha Nelson; David O'Bryan; George Olive; Cham Payne; Alan Pendleton; William Phillips;

William Porter; David Robertson; Robert Stone; Roy Thomas; Lennel Torrance; Mike Wagner and

Tommy Woods, who were, according to the complaint, employed as captains with the Memphis,

Tennessee Police Department ("MPD") until March 23, 2005. Named as Defendants herein are the

City of Memphis (the "City") and Larry Godwin, MPD Director of Police Services, in his individual

capacity. The Plaintiffs have alleged violations of 29 U.S.C. § 621, et seq.; 42 U.S.C. §§ 1981, 1983

and 2000e, et seq.; Article I, § 8 of the Tennessee Constitution and Tennessee Code Annotated § 4-

21-401. The Plaintiffs have also set forth state-law claims of breach of contract, breach of the duty

of good faith and fair dealing as to the City and interference with contract rights and violation of

civil rights against Godwin individually.  In an order entered February 21, 2007 (the "February 2007

Order"), the Court granted partial dismissal to the Defendants as to the Plaintiffs' due process claims

based on City of Memphis Charter § 67 and claims of gender discrimination under § 1981.  The

Court also dismissed any § 1981 claims of race discrimination to the extent they were pled

independent of § 1983.  Currently pending before the Court are the cross-motions of the Plaintiffs

and the City for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure,

on the issue of the existence of an implied contract.[1]

## SUMMARY JUDGMENT STANDARD

Rule 56 states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.

Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir.

1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most

favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  "In order to defeat a summary judgment

motion, the nonmoving party must show sufficient evidence to create a genuine issue of material

fact."  Gorder v. Grand Trunk W. R.R., Inc., ___ F.3d ___, 2007 WL 4302412, at *2 (6th Cir. Dec.

---

[1]The motion for summary judgment filed on behalf of the Defendant also seeks
disposition of other claims brought by the Plaintiffs in this case.  Those claims will be addressed
by separate order.

11, 2007) (citing Prebilich-Holland v. Gaylord Entm't Co., 297 F.3d 438, 442 (6th Cir. 2002)) (internal quotation marks omitted).  In doing so, the nonmovant must provide more than a "scintilla of evidence" in support of his position.  Rather, "there must be evidence on which the jury could reasonably find for the [nonmoving party]."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

FACTS

The following facts are undisputed unless otherwise noted.  Each of the Plaintiffs were promoted to the rank of captain in the MPD pursuant to § 67 of the City of Memphis Charter, enacted by the Tennessee General Assembly effective April 26, 1927. The statute provided that

> [a]ny fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the Fire Department or captain of the Police Department, with all the salary, emoluments and other privileges of said rank; and that, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

City of Memphis Charter § 67.

From the time the Plaintiffs were hired until February 18, 2005, the date on which the City announced the abolishment of the rank of captain, police officers who completed thirty years of service were promoted to the rank of captain and were paid a captain's salary.  It is the Plaintiffs' assertion, which is disputed by the Defendants, that the "City's custom, practice and policy was to promote police officers who complete 30 years of service to the rank of Captain and pay them a Captain's salary until they chose to retire unless just cause existed to take an adverse employment action against them."  There is no dispute that the Plaintiffs were performing in a satisfactory manner as of February 18, 2005.  Upon Defendant Godwin's announcement on that date that the rank of captain was to be abolished in the MPD effective March 23, 2005, the Plaintiffs were given the

3

option of reverting to their position and rank prior to ascending to captain or retiring. The Plaintiffs submitted a written request to Godwin and Memphis mayor W. W. Herenton for a hearing in which they could challenge their demotion and termination of captain's salary. The request was denied, and the Civil Service Commission ruled that it lacked jurisdiction to hear the Plaintiffs' appeal.

ANALYSIS OF CLAIMS AT ISSUE

It is undisputed in this case that all of the Plaintiffs obtained the rank of Captain and that during the time they worked as Captains they received a Captain's benefits. In their motion, the Plaintiffs state that they are seeking partial summary judgment as to their claim that the City violated their right to due process by terminating their Captain's salary without a hearing. Specifically, they contend that the custom, practice and policy of the City was that "[P]laintiffs' compensation for working 30 years included promotion to the rank of Captain and the payment of the Captain's salary until they chose to retire, unless, after a hearing, just cause existed to terminate the payment of the Captain's salary." (Pls.' Mot. for Summ. J. at 11, 15) The Defendant argues in its motion that no such custom, practice or policy existed.

The Due Process Clause of the Fourteenth Amendment prohibits the state from "depriv[ing] . . . any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. As recently articulated by the Sixth Circuit,

> [t]he right to procedural due process requires that when a State seeks to terminate a protected interest it must afford notice and opportunity for hearing appropriate to the nature of the case before the termination becomes effective. Importantly, procedural due process rights are only vindicated when a *protected* liberty or property interest is denied without adequate hearing. Thus, in order to succeed on [a procedural due process] claim, [a p]laintiff must show (1) that it was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law.

Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich., 470 F.3d 286, 296 (6th Cir.

2006) (internal citations and quotation marks omitted) (emphasis in original). "Property interests are not created by the Constitution but by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. at 297 (quoting Wojcik v. City of Romulus, 257 F.3d 600, 609 (6th Cir. 2001)) (internal quotation marks omitted). "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." Bishop v. Wood, 426 U.S. 341, 344, 96 S. Ct. 2074, 2077, 48 L. Ed. 2d 684 (1976) (footnotes omitted); Gregory v. Hunt, 24 F.3d 781, 785 (6th Cir. 1994). A unilateral expectation that a job is permanent or that discharge could only be for certain reasons or with particular procedural safeguards is not sufficient to create a property interest. Duncan v. City of Oneida, Tenn., 735 F.2d 998, 1000 (6th Cir. 1984). Nor can a "mere expression of intent or a general willingness to do something . . . amount to an offer." Lay v. Fairfield Dev., 929 S.W.2d 352, 356 (Tenn. Ct. App. 1996), app. denied (Sept. 9, 1996) (citation and internal quotation marks omitted).

In the February 2007 Order, the Court granted the Defendants' motion to dismiss the Plaintiffs' due process claim based upon the language of § 67, holding that the statute did not create a constitutionally protected property right to continued employment as a Captain. The Court further stated as follows:

> Although not raised in the motion to dismiss, the Plaintiffs argue in their response, and the Defendant has addressed in its reply, the existence of a property interest in their continued employment as captains on the basis of an implied contract or mutually explicit understanding. This circuit has "recognized that an implied contract or mutually explicit understanding is sufficient to create a property interest in public employment." Woolsey v. Hunt, 932 F.2d 555, 561-62 (6th Cir.), cert. denied, 502 U.S. 867, 112 S. Ct. 195, 116 L. Ed. 2d 155 (1991) (citing Duncan v. City of Oneida, 735 F.2d 998, 1000 (6th Cir. 1984)). In Woolsey, which involved

a suit by a former secretary for a state university, the court noted that "[t]he rules or understandings [sufficient to support a liberty or property interest] need not be a formal tenure system or even an explicit contractual provision, but [may consist of] agreements implied from the defendants' words and conduct in the light of the surrounding circumstances . . ." Id. at 564. "If such interest is recognized by state law, then the employee possesses a property interest of which the state employer cannot deprive him without providing due process." Id.

It is the position of the Plaintiffs that it had been the custom of the City to permit captains to remain at the rank of captain until they chose to retire absent just cause to take adverse employment action against them and that the automatic promotion provision of § 67 made up a portion of the consideration offered by the City to induce them to work for and to continue to be employed by the City. They argue that Tennessee law recognizes the employer-employee relationship as contractual in nature and that the City has breached its duty of good faith and fair dealing by essentially demoting them without cause. At the Rule 12(b)(6) stage, the Court cannot conclude that the Plaintiffs have failed to state a claim upon which relief may be granted as to their allegation that a property interest existed in continued employment based on an implied contract or mutually explicit understanding. Thus, this contention remains a part of the Plaintiffs' lawsuit.

(Order Granting Defs.' Mot. for Partial Dismissal & Denying Pls.' Mot. to Certify Question to the Sup. Ct. of Tenn. at 8-9) It is this issue--whether the Plaintiffs have a property interest in continued employment as Captains based on an implied contract or mutual understanding--that is now before the Court on summary judgment. The City's course of conduct, the Plaintiffs submit, created an expectation on their part that they would not be deprived of continued employment without due process.

Tennessee follows the doctrine of employment at will, that is, an employee may be fired for good cause, bad cause or no cause at all. Forrester v. Stockstill, 869 S.W.2d 328, 330 (Tenn. 1994).

The employment at-will doctrine has been a part of Tennessee's common-law legal tapestry for more than a century. The doctrine recognizes the concomitant right of either party to terminate such a relationship with or without cause. On the other hand a contract of employment for a definite term may not be terminated before the end of the term, except for good cause or by mutual agreement, unless the right to do so is reserved in the contract. It is possible that some contractual right might accrue to an employee as the result of an unlawful termination of such a contract. However,

6

without a clear contract under which such rights may vest, employees in this State possess no property right in their employment . . .

Bennett v. Steiner-Liff Iron & Metal Co., 826 S.W.2d 119, 121 (Tenn. 1992) (internal citations omitted). Thus, "[u]nder Tennessee law, absent an explicit employment contract for a definite term, employees are employees at-will and they lack any property right in their continued employment." England v. Andrews, No. 2:05-0008, 2005 WL 2209542, at *7 (M.D. Tenn. Sept. 8, 2005); see also Cooper v. Frayser-Millington Mental Health Ctr., 1986 WL 10222, at *2 (Tenn. Ct. App. Sept. 22, 1986) ("The law is well established in this state that a contract for employment for an *indefinite* term is a contract at will and can be terminated by either party at any time without cause"; therefore, plaintiff's claim that he had an implied contract for continued employment so long as there was not just cause for discharge or employee layoff was subject to dismissal).

The elements of a cause of action for implied contract include

[a] benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, the acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. The most significant requirement for a recovery is that the enrichment to the defendant be unjust.

Wilson v. Smythe, No. M2003-00645-COA-R3-CV, 2004 WL 2853643, at *9 (Tenn. Ct. App. Dec. 10, 1994) (quoting Haynes v. Dalton, 848 S.W.2d 664, 666 (Tenn. Ct. App. 1992)). In Price v. Mercury Supply Company, Inc., 682 S.W.2d 924 (Tenn. Ct. App. 1984), the plaintiff alleged the existence of an oral contract of continued employment based on his employer's statement that he had nothing to worry about for the rest of his life as far as his job was concerned. Price, 682 S.W.2d at 933. The court found no contract existed, because the alleged consideration therefor -- the plaintiff's services rendered in the past -- was inadequate to support a contract based on his previous payment for those services. Id.; see also Wilson, 2004 WL 2853643, at *9 (same). The court went on to note

7

that "[o]ur courts have long held that an oral contract for life time employment or permanent employment amounts to an indefinite hiring terminable at the will of either party where the employee furnishes no consideration other than the services required in the agreement." Price, 682 S.W.2d at 934; see also White v. Fort Sanders-Park W. Med. Ctr., No. E2006-00330-COA-R3-CV, 2007 WL 241024, at *3 (Tenn. Ct. App. Jan. 29, 2007) (court found, based on Price, that no implied contract of employment existed where plaintiff failed to describe terms of alleged contract with specificity to show it was supported by adequate consideration or mutual assent to any of its terms). Similarly, in the matter before the Court, the Plaintiffs have offered no evidence of consideration for the implied contract beyond their services, for which they were undisputedly paid. Nor is there any evidence to suggest that the Plaintiffs were underpaid for their services, which might give rise to an equitable argument. See Wilson, 2004 WL 2853643, at *9 (plaintiff who was paid for his services, absent evidence of under-compensation, could not establish existence of an implied contract). Based on the foregoing, the Court finds insufficient evidence to support a claim based on an implied contract.[2]

Nor can the Plaintiffs maintain a due process claim based on an implied contract or mutually explicit understanding arising from the civil service rules. In support of their contention, the Plaintiffs cite to § 246 of the Memphis Charter, which provides that the "City may terminate, suspend, or demote an employee for just cause and the employee shall be given a written notice of

---

[2]Indeed, the gravamen of the Plaintiffs' argument in favor of a finding that an implied contract exists -- that MPD had always permitted Captains to work until they chose to retire unless just cause was found to terminate them -- would, in the Court's opinion, create an absurd result. If such a position were meritorious, an employer's mere maintenance of a status quo would be sufficient to create an implied contract of "continuing employment" protecting all who came afterward, thereby turning the employment at-will doctrine, as well as its intent, on its head.

the reasons for the action," as well as a previous provision, § 129, which stated that no employee "shall be removed or discharged except for just cause." The Court addressed this question in the February 2007 Order, articulating that the caselaw did not support an interpretation that § 246 created a constitutionally protected property interest in the Plaintiffs' employment. (See Order Granting Def.'s Mot. for Partial Dismissal & Denying Pls.' Mot. to Certify Question to the Sup. Ct. of Tenn. at 7 n.2)

In Green v. City of Memphis, No. W2003-01334-COA-R3CV, 2004 WL 1592815 (Tenn. Ct. App. July 15, 2004), the court noted that the City's "terminate, suspend, or demote" language applied only to disciplinary actions and not, as in the case before it, a reassignment resulting from an invalid testing procedure. Green, 2004 WL 1592815, at *4. Therefore, the court found that the plaintiffs had no property right of which they could be deprived and, consequently, had no right to a hearing. Id. at *5. In this case, the Plaintiffs were not subjected to disciplinary action and, based on Green, the Charter provision does not create a property interest or a right to a hearing. Nor does § 129, as the Plaintiffs were neither removed nor discharged.

                            CONCLUSION

In accordance with the Court's findings herein, the Plaintiffs' motion for summary judgment on the grounds of implied contract is DENIED. The motion of the City for summary judgment as it applies to the existence of a property interest in continued employment based on a theory of implied contract is GRANTED.

IT IS SO ORDERED this 28th day of December, 2007.

                            s/ J. DANIEL BREEN
                            UNITED STATES DISTRICT JUDGE